CHRISTINA A. COLE ET AL., APPELLANTS, V. ISAAC BOYD ET
AL., APPELLEES.

FILED MARCH 4, 1903. No. 12,638.

1. **Fraud: LIMITATION OF ACTION.** An action for relief on the ground
of fraud, is barred in four years from the date of the discovery
of such facts as would put a person of ordinary intelligence and
prudence on inquiry, which, if pursued, would lead to such dis-
covery.

2. **Administrator's Sale: SETTING ASIDE.** Where an administrator
becomes the purchaser at his own sale of the lands of his in-
testate, and applies the proceeds in payment of the debts of the
estate, in an action by the heirs to set aside such sale they are
not required to offer to reimburse him for the purchase price,
where it appears that the rents and profits in his hands, accruing
since the sale, exceed the amount of his disbursements on the
venture.

APPEAL from the district court for Adams county: ED
L. ADAMS, DISTRICT JUDGE. *Affirmed.*

*Robert A. Batty* and *Harry S. Dungan,* for appellants.

*Addison S. Tibbets, George W. Tibbets* and *Charles F.
Morey,* contra.

ALBERT, C.

On the 6th day of February, 1880, John M. Cole died
intestate, in Adams county, seized in fee of the land in
controversy in this suit, lying in that county, leaving the
plaintiffs, Christina A. Cole, his widow, and Florence I.
Walters (born Cole), William A. Cole and John G. Cole,
his children, his sole and only heirs at law. The children,
at the date of their father's death, were respectively thir-
teen, ten and three years old. In March, following the
death of the intestate, the defendant Isaac Boyd and the
widow were duly appointed administrators of the estate.
In March, 1881, they presented their petition to the
judge of the district court for said county for license to

sell the land for the payment of the debts of the estate. License was duly granted, and the land duly offered for sale in pursuance thereof. It appears from the evidence that the administrator Boyd was apprehensive that the land would not bring its fair value, and arranged to become the purchaser in case its fair value was not offered by some other person. He informed the county judge of his intentions in that behalf, and was advised that he could not become the purchaser directly, but would be obliged to have some other person act as the ostensible purchaser. He then arranged with one Tappen to bid on the land up to $700, and buy it, in case no more than that amount was offered for it. Tappen was the highest, but not the only, bidder, and the land was sold to him for $700, Boyd being the actual purchaser. The sale was confirmed by the district court for Adams county in December, 1881, and a deed executed in pursuance thereof by the administrators on the 26th day of the same month to Tappen, the widow at the same time conveying to him her right of dower. Five days thereafter Tappen conveyed to the defendant Isaac Boyd, the real purchaser, and on the same day both deeds were filed for record and recorded in the office of the county clerk of Adams county.

On the 8th day of February, 1900, the plaintiffs filed their petition in the district court for Adams county against Isaac Boyd and his wife, setting forth the facts hereinbefore stated, and charging, in substance, that the first-named defendant fraudulently procured the license for the sale of the land for the purpose of acquiring the title thereto, and that in procuring a confirmation of such sale he concealed from the district court and his coadministrator the fact that he was the real purchaser at such sale. The petition further alleges that said defendant, since the sale in question, has received the rents and profits of the land, amounting to $2,500. The relief asked is the cancelation of the administrator's deed to Tappen, and of his deed to the defendant Isaac Boyd, that the latter be required to convey the title to them, and for judgment for the rents and profits.

The defendants, by their answer, negatived any presumption of actual fraud, charged that the plaintiffs had been guilty of such laches as to bar their right of action, pleaded the statute of limitations as to all of the plaintiffs except John G. Cole, and alleged the payment of taxes on the land and the expense of certain improvements thereon by the defendant Isaac Boyd.

In the reply the plaintiffs allege, among other things, that the facts constituting the alleged fraud were not discovered by them until December, 1899.

The court found for the defendants generally, as against all of the plaintiffs except John G. Cole, and also made the following specific findings:

"The defendant Isaac Boyd was duly licensed as administrator, together with plaintiff Christina Cole, to make sale of the premises described in the petition; that bond was duly given and approved; the oath taken as prescribed by law; notice given as required by law and said premises duly offered, sold and such sale duly confirmed by the court; that at such sale said premises were declared sold to one Israel Tappen who purchased the same for the use and benefit of defendant Isaac Boyd and afterwards conveyed the same to him; that in so doing there was no actual fraud on the part of said Boyd or Tappen, they both acting in good faith and said premises being sold for their full value and the proceeds of such sale having been duly turned into said estate and used for the benefit thereof; that plaintiffs had full, actual and constructive notice that said premises were purchased for the use of said Isaac Boyd, at the time thereof; that plaintiffs aside from Christina Cole, were minors at the time of said sale, but have all become of full age since the same—more than five years having elapsed, prior to the commencement of this suit, since the coming of age of plaintiffs, Florence I. Walters and William A. Cole; that plaintiff Christina Cole conveyed her dower estate in said premises to Israel Tappen and he subsequently by his deed, to defendant, Isaac Boyd; that no part of the pur-

chase price at such sale has ever been repaid or offered by any of the plaintiffs to said Tappen or these defendants; that the average fair rental value of the whole of said premises, from said sale to the present time, is $100 per year and taking the interest of the defendant John G. Cole herein which is two-ninths thereof, or $22.22 per year, or $440 for said period, and deducting therefrom the proportion chargeable to him for purchase price, taxes paid by said Isaac Boyd and improvements, which amounts to $314, there is now due him, on so accounting, the sum of $130."

A decree was entered in accordance with the findings. The plaintiffs, against whom the decree runs, bring the case here on appeal, and the defendants ask a reversal of that portion of the decree against them and in favor of John G. Cole.

The principal question in this case is whether the statute of limitations had run as against all of the plaintiffs, except John G. Cole, at the time this action was commenced. The case is presented to the court on the theory that it is an action for relief on the ground of fraud, and that by the provisions of section 12, Code of Civil Procedure, it did not accrue until the discovery of fraud, and would not be barred until four years after such discovery. The plaintiffs appealing insist that the evidence is insufficient to sustain the findings of the trial court; that four years intervened between their discovery of the fraud and the commencement of the action. We have gone over the evidence covering this point with more than usual care, and to our minds it leaves little room for doubt that at least four years before the commencement of this action all of the plaintiffs were in possession of sufficient facts concerning the transaction to put them upon their inquiry, which, had it been pursued in the light of such facts, with ordinary diligence, would have laid bare the entire transaction. The statute in question begins to run, not from the actual discovery of the fraud, but from the time of the discovery of such facts as would put a person

of ordinary intelligence and prudence on inquiry, which, if pursued, would lead to such discovery. *Gerner v. Mosher,* 58 Neb. 135, 46 L. R. A. 244. Such being the rule, the evidence, in our opinion, is abundantly sufficient to sustain the finding of the trial court on this point as to the appellants, the youngest of whom was thirty-one years old when this action was brought, so that the question of disability does not arise as to them.

The defendants contend that the decree, so far as it is in favor of the plaintiff John G. Cole, is erroneous and should be reversed. The statute of limitations is not invoked as to him, as he was only twenty-three years old when the action was commenced. But the reversal as to him is sought on the ground that he has not offered to do equity by offering to reimburse the defendant, who was the real purchaser at the sale in question. The finding of the court, amply sustained by the evidence, shows that such purchaser has in his hands of the rents and profits more than sufficient to reimburse him for all that he has paid out on account of the land. The allegations of the petition are to the same effect. That being true, no formal offer to do equity was required; in fact, under the circumstances shown there was nothing equity required of such plaintiff.

It is recommended that the decree of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the decree of the district court is

AFFIRMED.